1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

JOHN LEDGERWOOD,

            Plaintiff,

v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

            Defendant.

No. 2:12-CV-3061-JTR

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY
JUDGMENT

     BEFORE THE COURT are cross-Motions for Summary Judgment.  ECF No. 16, 19.  Attorney D. James Tree represents John Ledgerwood (Plaintiff); Special Assistant United States Attorney Richard M. Rodriguez represents the Commissioner of Social Security (Defendant).   The parties have consented to proceed before a magistrate judge. ECF No. 6.  After reviewing the administrative record and briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and **DENIES** Defendant's Motion for Summary Judgment.

**JURISDICTION**

     On October 8, 2008, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning August 17, 1996. Tr. 17.  Plaintiff's claim was denied initially and on reconsideration, and he requested a hearing before an administrative law judge (ALJ). Tr. 13-55.   A hearing was held on April 7, 2011, at which vocational expert Gary Jesky and Plaintiff, who was represented by counsel, testified.  Tr. 754-90. ALJ Riley J. Atkins presided.  Tr. 751.  The ALJ denied benefits on April 6, 2011.  Tr. 17-26.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 1

The Appeals Council denied review.  Tr. 5-9.  The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF THE CASE

The facts of the case are set forth in detail in the transcript of proceedings and are briefly summarized here.  At the time of the hearing, Plaintiff was 48 years old, graduated from high school and he lived alone in Goldendale, Washington. Tr. 82; 758.

In his Disability Report, Plaintiff listed the injuries that limit his ability to work as: depression, anxiety, panic disorder, and knee pain post injury.  Tr. 159. He has a significant history of drug use, and testified that he used methamphetamine and marijuana for 26 years, but he has been clean for the past six years, and never relapsed.  Tr. 759; 765.

Plaintiff said he experiences panic attacks "every day."  Tr. 765.  He described the attacks as:

> [T]rying to find your soul – your soul is sticking out of your body and you're looking for it… Panic, that's what it is.  It's just – just how it sounds.  You know, you feel like you're losing your mind, your heart's beating quick, and you can't sit still, you know?  … they vary in degrees.  Some are worse than others.  You don't know when you are going to get one.

Tr. 765.  He takes medication and attends counseling every two weeks.  Tr. 766-67.  Plaintiff testified that he lifts weights approximately five days per week, to relieve his anxiety.  He said he also "tends to" his wife, whom he said suffers from arthritis, fibromyalgia and an ulcer, and he takes long walks.  Tr. 768.  Plaintiff also said he volunteers at the food bank, and sometimes he has to leave in the middle of working due to his anxiety.  Tr. 770.  He also volunteers with an ophthalmologist, measuring the strength of eyeglass lenses, for about an hour at a time.  Tr. 771.  When the ALJ pointed out that the records indicate he worked at the doctor's office 15 to 20 hours per week, Plaintiff responded, "Sometimes.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 2

Sometimes not.  I haven't been there a whole [lot lately]…"  Tr. 771-72.

Plaintiff's past work history includes working as a laborer, garbage man, telemarketer, landscaper and caregiver.  Tr. 781.

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed de novo. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000).  The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed de novo, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400.  If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).  Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 3

evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).  If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the Commissioner's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); see *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-99.  This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform.  *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-94 (2004).  If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made.  20 C.F.R. §§ 404.1520(a)(4)(I-v), 416.920(a)(4)(I-v).

## ADMINISTRATIVE DECISION

At step one, ALJ Atkins found that Plaintiff had not engaged in substantial gainful activity since October 8, 2008.  Tr. 19.  At step two, he found Plaintiff had the severe impairments of history of hernia repair, right knee osteoarthritis, bipolar disorder, anxiety disorder (not otherwise specified), and methamphetamine dependence (in remission).  Tr. 19.  At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 4

medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). Tr. 21. The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of medium work, with the following limitations: "perform only unskilled to low semi-skilled work; no public contact; and the claimant works best alone, not as part of a team." Tr. 21. At step four, the ALJ found that Plaintiff could not perform past relevant work. Tr. 24. At step five, the ALJ concluded that considering Plaintiff's age, education, work experience, and residual functional capacity, jobs exist in significant numbers in the national economy that Plaintiff can perform, such as janitor and laundry worker. Tr. 25. The ALJ concluded Plaintiff was not disabled as defined by the Social Security Act. Tr. 26.

## ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by: (1) rejecting the opinions of Plaintiff's treating and examining medical providers; (2) determining Plaintiff had little credibility; and (3) in his determination at Step Five. ECF No. 17 at 11.

## DISCUSSION

### A.    Credibility

Plaintiff argues that the ALJ erred by rejecting Plaintiff's subjective complaints. ECF No. 17 at 16-18. Plaintiff alleges that the ALJ failed to provide little more than vague assertions, failed to specify particular testimony that supported his reasoning, and the ALJ's characterization of Plaintiff's daily activities as contradicting his complaints is not supported by the record. ECF No. 17 at 17-18.

The ALJ is responsible for determining credibility. *Andrews*, 53 F.3d at 1039. Unless affirmative evidence exists indicating that the claimant is

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 5

malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1996).   The ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan,* 903 F.2d 1229, 1231 (9th Cir. 1990).  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir. 1998), quoting *Lester*, 81 F.3d at 834.  Credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004).   To determine whether the claimant's testimony regarding the severity of the symptoms is credible, one of the factors the ALJ may consider is the claimant's daily activities.  *See, e.g., Fair v. Bowen, 885 F.2d 597, 602-04 (9th Cir. 1989)*; *Bunnell*, 947 F.2d at 346-47.

   In this case, the ALJ found that Plaintiff's statements about the intensity, persistence and limiting effects of his symptoms are not credible.  Tr. 22.  The ALJ cited Plaintiff's activities, such as his regular exercise, obtaining his GED and volunteering, and concluded: "For purposes of disability analysis, however, the activities described above show that the claimant is not as limited as alleged in his application."  Tr. 22.

   As Plaintiff points out, the ALJ failed to identify the testimony that he deemed not credible.  Specifically, the ALJ failed to note the limitations Plaintiff alleged in his application, and also failed to explain how the alleged particular limitations are contradicted by the named activities.

   The Defendant contends that the ALJ compared Plaintiff's activities with "Plaintiff's allegations of a disabling level of pain or other symptoms."  ECF No. 19 at 10.  This, too, is insufficiently vague.  Notably, three of Plaintiff's four complaints are related to mental, not physical impairments, and thus the "disabling level of pain" allegation is largely inapplicable.  See Tr. 159.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 6

In a credibility determination, it is not sufficient for the ALJ to make a general statement that the testimony is contradicted by the record. *Holohan v. Massanari,* 246 F.3d 1195, 1208 (9th Cir. 2001) ("general findings are an insufficient basis to support an adverse credibility determination"). Rather, the ALJ "must state which pain testimony is not credible and what evidence suggests the claimants are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *see also Holohan*, 246 F.3d at 1208 ("the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony"). The ALJ did not fulfill this obligation in this case and instead provided a cursory conclusion that Plaintiff's activities proved were inconsistent with his alleged limitations. Tr. 22.

"Long-standing principles of administrative law require [this Court] to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ — not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-26 (9th Cir. 2009). The ALJ did not provide any legally adequate reason to reject plaintiff's credibility. Remand is warranted on this issue.

## B.  Medical Opinions

### 1.  Marie Ho, M.D.

Plaintiff contends that the ALJ erred by finding the weight restrictions opined by Marie Ho, M.D., were undermined by Plaintiff's testimony that he lifts weights in the gym. ECF No. 17 at 14.

Marie Ho, M.D., examined Plaintiff on January 31, 2009. Tr. 294-98. Dr. Ho noted Plaintiff's knee impairments, and concluded he could stand and walk up to six hours in an eight hour day, sit up to six hours in an eight hour day, and lifting or carrying is limited to 20 pounds occasionally and 10 pounds frequently. Tr. 297-98. Dr. Ho also opined that Plaintiff's postural limitations include kneeling, crouching, and stooping occasionally. Tr. 298. Finally, Dr. Ho concluded that

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 7

Plaintiff's history of anxiety, panic attacks, depression, and attention deficit hyperactivity disorder may limit his ability to function in the workplace.  Tr. 298.

An ALJ may reject the opinion of an examining physician, if contradicted by a non-examining physician, with "specific and legitimate reasons that are supported by substantial evidence in the record."  *Moore v. Comm'r of the Soc. Sec. Admin*, 278 F.3d 920, 924 (9th Cir. 2002), citing *Lester,* 81 F.3d at 830-31.  However, "the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion."  *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001), citing *Magallanes v. Bowen,* 881 F.2d 747, 752 (9th Cir. Cal. 1989*); see also Pitzer v. Sullivan*, 908 F.2d 502, 506 n.4 (9th Cir. 1990) ("The nonexamining physicians' conclusion, with nothing more, does not constitute substantial evidence, particularly in view of the conflicting observations, opinions, and conclusions of an examining physician.").

The ALJ gave "significant weight" to Dr. Ho's evaluation, because it was "generally consistent with the other evidence."  Tr. 22.  The ALJ rejected the portion of Dr. Ho's report about the weight Plaintiff can lift because "additional evidence reviewed at the hearing level shows that the claimant spends several days a week at the gym and can lift significantly heavier amounts."  Tr. 22.

At the hearing, Plaintiff testified that he could bench press 360 pounds.  Tr. 777.  He explained, "but I don't work out with it or anything.  I'll workout with like 270.  That's one exercise, but you know, there's all kinds – some exercises I use 20-pound dumbbell that are hard exercises to do."  Tr. 777.

The ALJ's conclusion that because Plaintiff can bench press[1] weights, he

---

[1]Elsewhere in the opinion, the ALJ revealed his assumption about the relationship between Plaintiff's bench pressing weights and Plaintiff's ability to carry weight in the course of a workday.  The ALJ rejected a February 2009

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 8

can therefore regularly carry heavy weights in the course of a workday is not supported by logic or the record.  As such, the evidence of Plaintiff's gym workouts and the scant record related to lifting at his volunteer position do not arise to "specific and legitimate reasons that are supported by substantial evidence in the record" for rejecting the weight restrictions assessed by Dr. Ho.  *See Lester,* 81 F.3d at 830-31.  The weight given to Dr. Ho's assessment must be reconsidered on remand.

### 2.    Steven Woolpert, M.S., MHP

Plaintiff contends that the ALJ erred by rejecting the opinion from Steven Woolpert, M.S., MHP.  ECF No. 17 at 15-16.  On February 11, 2008, Mr. Woolpert completed a Psychological/Psychiatric evaluation.  Tr. 356-61.  In that evaluation, he listed Plaintiff's diagnoses as Bipolar II Disorder, and Panic Disorder, without agoraphobia.  Tr. 357.  Mr. Woolpert found Plaintiff had marked impairments in the ability to: (1) understand, remember and follow complex (more than two step) instructions; and (2) the ability to learn new tasks.  Tr. 357-58.  Mr. Woolpert also found Plaintiff had multiple moderate impairments in the ability to: (1) understand, remember and follow simple (or two step) instructions; (2) exercise judgment and make decisions; (3) relate appropriately to co-workers and

---

determination of Plaintiff's RFC that recommended a light exertion level, "because the evidence shows the claimant was frequently lifting ***hundreds of pounds at a time*** while working out or unloading trucks at the food bank."  Tr. 24 (emphasis added).  The pertinent record the ALJ cited was a July 9, 2010, visit with Mona Morgan, M.Ed., that indicated Plaintiff arrived for an appointment with noticeable perspiration and declared he had "unloaded 6000 pounds at the food bank."  Tr. 455.  The record contains no details about moving this weight, such as the poundage Plaintiff lifted at one time, the weight he could repeatedly carry, or whether he was aided by a forklift or a crew of other volunteers.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 9

supervisors; (4) interact appropriately in public contacts; (5) respond appropriately to and tolerate the pressure and expectations of a normal work setting; and (6) control physical or motor movements and maintain appropriate behavior.  Tr. 358.

Mr. Woolpert opined that anxiety and mood disorder impair Plaintiff's cognitive functioning.  Tr. 358.  He noted that "anxiety symptoms such as racing thoughts, restlessness and emotional distress with mood shifts and periods of depression with pulling back from others [impair] his social and coping abilities in personal [and] work environments."  Tr. 358.  Mr. Woolpert related that Plaintiff had made progress in stabilizing his mood through mental health services, and he was developing skills to manage his anxiety symptoms.  Tr. 359.  Finally, Mr. Woolpert recommended "continuation of GAX eligibility due to extent and significance of mood and anxiety disorders that impair functioning."  Tr. 359.

An ALJ is required to "consider observations by non-medical sources as to how an impairment affects a claimant's ability to work."  *Sprague,* 812 F.2d at 1232.  An ALJ must give reasons germane to "other source" testimony before discounting it.  *Dodrill,* 12 F.3d at 918.  In determining the weight to give an opinion from an "unacceptable" source, the ALJ considers: the length of time the source has known the claimant and the number of times and frequency that the source has seen the claimant; the consistency of the source's opinion with other evidence in the record; the relevance of the source's opinion; the quality of the source's explanation of his opinion; and the source's training and expertise. SSR 06-03p.

The ALJ gave little weight to Mr. Woolpert's opinion because he is not an acceptable medical source, his assessment is inconsistent with Plaintiff's daily activities, and Mr. Woolpert was improperly influenced: "Additionally, Mr. Woolpert hinted the main reason to continue state assistance was so the claimant could receive the benefits of mental health treatment.  This goal may have influenced his appraisal of the claimant's functional abilities."  Tr. 23.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 10

The ALJ's first reason for discounting Mr. Woolpert's opinion is not valid because an ALJ must consider the opinions from non-acceptable sources, and must provide a germane reason for rejecting the opinions. SSR 06-03p. The ALJ's second reason – Mr. Woolpert's opinion is internally inconsistent – is a legally valid reason, but it is not supported by the record. The ALJ cited the "treating records" as evidencing that Plaintiff has fewer limitations than Mr. Woolpert assessed. Tr. 23. The ALJ relies upon the facts that Plaintiff was able to study for the GED exam, volunteered, exercised, walked, and attended counseling appointments.

In evaluating whether a claimant satisfies the disability criteria, the Commissioner must evaluate the claimant's "ability to work on a sustained basis." 20 C.F.R. § 404.1512(a); *Lester*, 81 F.3d at 833. Social Security regulations define residual functional capacity as the "maximum degree to which the individual retains the capacity for *sustained* performance of the physical-mental requirements of jobs." 20 C.F.R. 404, Subpt. P, App. 2 § 200.00(c) (emphasis added). "The process involves an assessment of physical abilities and then of the nature and extent of physical limitations with respect to the ability to engage in work activity on a regular and continuing basis." *Id.* (citing 20 C.F.R. § 404.1545(b)). "A regular and continuing basis means eight hours a day, five days a week, or an equivalent work schedule." *Id.* (citing S.S.R. 96-8p). In this case, the ALJ failed to provide analysis of how Plaintiff's cited activities reveal an ability to sustain full-time work.

Additionally, the ALJ failed to consider whether Plaintiff's daily activities "meet the threshold for transferable work skills[.]" *See Orn v. Astrue,* 495 F.3d 625, 639 (9th Cir. 2007). Absent from the ALJ's decision is an analysis as to how Plaintiff's abilities used in performing flexible, sporadic volunteer work and in his exercise routine are transferrable to a work setting. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) (ALJ erred by failing to explain how ability to

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 11

perform daily activities translated into the ability to perform work); *Fair,* 885 F.2d at 603 ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication"); *see also Vertigan v. Halter,* 260 F.3d 1044, 1050 (9th Cir. 2001) ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability."). In the absence of such analysis, the ALJ's reliance upon Plaintiff's activities as establishing he can sustain full time work is error.

The final reason the ALJ gave for discounting Mr. Woolpert's opinion was the ALJ's speculation that Mr. Woolpert was improperly influenced by his desire to have Plaintiff receive benefits so he could continue with mental health treatment. Tr. 23. A healthcare provider's desire that a patient continue treatment because treatment is improving his condition should not be characterized as an "improper" motive. Moreover, the ALJ points to no evidence of actual impropriety on the part of Mr. Woolpert and the court can discern no "hint" that Mr. Woolpert based his opinion upon something other than professional judgment. *See Lester*, 81 F.3d at 832 (quoting *Ratto v. Sec'y, Dept. of Health and Human Servs.*, 839 F. Supp. 1415, 1426 (9th Cir. 1993)) ("The Secretary may not assume that doctors routinely lie in order to help their patients collect disability benefits."); *see also, Nguyen v. Chater,* 100 F.3d 1462, 1465 (9th Cir. 1996) (citing *Saelee v. Chater,* 94 F.3d 520, 523 (9th Cir. 1996)(1997)) (the source of report is a factor that justifies rejection only if there is evidence of actual impropriety or no medical basis for opinion).

In this case, the record contains no evidence that Mr. Woolpert embellished his assessments of Plaintiff's limitations to assist with a benefits claim. *See Reddick,* 157 F.3d at 725-26 (ALJ erred in assuming that the treating physician's

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 12

opinion was less credible because his job was to be supportive of the patient). Thus, the ALJ's rejection of Mr. Woolpert's opinion on the basis that his opinion was based upon something other than sound medical judgment was improper.  As a result, Mr. Woolpert's opinion must be reassessed upon remand.

**C.    Step Five**

Plaintiff argues that the ALJ erred in his Step Five determination by failing to include all of Plaintiff's assessed limitations.  ECF No. 17 at 18-19.  In light of the necessity for remand, the court will not address this issue, and on remand, the ALJ will reconsider the Step Five determination.

**D.    Remand**

Remand is appropriate when, like here, a decision does not adequately explain how a conclusion was reached, "[a]nd that is so even if [the ALJ] can offer proper post hoc explanations for such unexplained conclusions," for "the Commissioner's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council."  *Barbato v. Comm'r of Soc. Sec.*, 923 F. Supp. 1273, 1276 n.2 (C.D. Cal. 1996) (citations omitted). The court notes, however, that it is not suggesting that the ALJ's ultimate conclusions were necessarily incorrect — only that the decision was conclusory or failed to provide proper reasons for rejecting, or even accepting, certain opinions.  It is the province of the ALJ, not the Court, to assess the medical evidence.  The Court cannot affirm the ALJ's conclusions on grounds that were not invoked by the ALJ.  *Ceguerra v. Secretary of HHS*, 933 F.2d 735, 738 (9th Cir. 1991).

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the court concludes the ALJ's decision is based on legal error, and requires remand.   On remand, the ALJ is directed to reevaluate Plaintiff's credibility, the opinions of Dr. Ho and Mr. Woolpert, reconsider Plaintiff's maximum RFC, and conduct new step four and step five assessments.   The decision is therefore **REVERSED** and the case is

1   **REMANDED** for further proceedings consistent with this opinion.  Accordingly,

2   **IT IS ORDERED:**

3   1.   Plaintiff's Motion for Summary Judgment**, ECF No. 17,** is

4   **GRANTED**.

5   2.   Defendant's Motion for Summary Judgment, **ECF No. 19,** is

6   **DENIED**.

7   3.   An application for attorney fees may be filed by separate motion.  The

8   District Court Executive is directed to file this Order and provide a copy to counsel

9   for Plaintiff and Defendant. Judgment shall be entered for Plaintiff, and the file

10   shall be CLOSED.

11   DATED March 24, 2014.

12

13      _____

14   JOHN T. RODGERS
    UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 14